UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DAIKIN AMERICA, INC., )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>*Defendant.* )<br>) | Court No. 22-00122 |

**COMPLAINT**

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Daikin America, Inc. ("Daikin"), by and through its undersigned attorneys, hereby files the instant complaint and alleges as follows:

**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**

1. Plaintiff contests certain aspects of the final determination issued by the U.S. Department of Commerce ("Commerce"), in its antidumping ("AD") investigation of granular polytetrafluoroethylene ("PTFE") resin from India. The final determination was published by Commerce in the Federal Register as *Granular Polytetrafluoroethylene Resin from India: Final Determination of Sales at Less Than Fair Value and Final Affirmative Determination of Critical Circumstances*, 87 Fed. Reg. 3,772 (Dep't Commerce Jan. 25, 2022) ("*Final Determination*"). The findings and conclusions of the contested determination are set forth in the accompanying *Issues and Decision Memorandum for the Final Affirmative Determination in the Less-Than-Fair-Value Investigation of Granular Polytetrafluoroethylene Resin from India*, Inv. No. A-533-899 (Jan. 18, 2022) ("Issues and Decision Memo").

## JURSIDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c). That section confers on the U.S. Court of International Trade jurisdiction to review final AD determinations issued by Commerce under Section 516A(a)(2)(A)(i) and (B)(i) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1516a(a)(2)(A)(i) and (B)(i).

## STANDING

3. Daikin is a U.S. producer of granular PTFE resin. Consequently, Daikin is an "interested party" as defined by 19 U.S.C. §§ 1516a(f)(3), 1677(9)(C). Additionally, Daikin was the petitioner and actively participated in the AD investigation which resulted in the contested determination that is the subject of this appeal. Accordingly, Daikin has standing pursuant to 19 U.S.C. § 1516a(d) as a party to the proceeding in connection with which this Complaint arises and is entitled to commence this action pursuant to 28 U.S.C. § 2631(c).

## TIMELINESS OF ACTION

4. Section 516A(a)(2)(A)(i)(II) of the Act requires that, in actions challenging Commerce's determinations described in Section 516A(a)(2)(B)(i), the summons must be filed within thirty (30) days of the date of publication in the Federal Register of the AD order based upon the contested determination, and the complaint must be filed within thirty (30) days thereafter. *See* 19 U.S.C. § 1516a(a)(2)(A)(i). On April 14, 2022, within thirty (30) days of the publication of the AD order on March 15, 2022, Daikin filed a summons with this Court. Within thirty (30) days thereafter, Daikin is filing this Complaint. *See* U.S. Court of International Trade Rule 6. Thus, this action is timely brought.

## STANDARD OF REVIEW

5. This Court reviews final determinations issued by Commerce pursuant to 19

U.S.C. § 1673d to determine whether they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i).

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

6. On January 27, 2021, Daikin submitted an AD petition concerning unfairly traded imports of granular PTFE resin from India. *See Granular Polytetrafluoroethylene Resin from India and the Russian Federation: Initiation of Less-Than-Fair-Value Investigations*, 86 Fed. Reg. 10,926 (Dep't Commerce Feb. 23, 2021). Commerce initiated the AD investigation on February 23, 2021. *Id.*

7. On March 12, 2021, Commerce selected Gujarat Fluorochemicals Limited ("GFCL") as the sole mandatory respondent in the AD investigation.

8. On September 2, 2021, Commerce published in the Federal Register its preliminary affirmative determination in the AD investigation of granular PTFE resin from India.

9. On November 9, 2021, Daikin and GFCL filed case briefs with Commerce requesting that changes be made to certain aspects of the preliminary affirmative determination. On November 19, 2021, both parties submitted rebuttal briefs.

10. On January 25, 2022, Commerce published its final affirmative AD determination in the Federal Register. *Final Determination*, 87 Fed. Reg. at 3,772.

11. On March 15, 2022, based on the final determination, Commerce published the AD order on granular PTFE from India. *See Granular Polytetrafluoroethylene Resin from India and the Russian Federation: Antidumping Duty Order*, 87 Fed. Reg. 14514 (Dep't Commerce Mar. 15, 2022).

## CLAIMS AND BASES FOR RELIEF

## COUNT ONE

12. Plaintiff hereby incorporates by reference paragraphs 1 through 11 of this Complaint.

13. Commerce has a regulatory preference that sales expenses be reported on a transaction-specific basis. *See* 19 C.F.R.§ 351.401(g)(1). Consistent with this regulatory preference, Commerce instructed GFCL in the initial antidumping questionnaire to report its U.S. movement expenses based on the specific freight charges incurred on each transaction. GFCL ignored these instructions. Instead, for movement expenses including domestic inland freight, international freight, and domestic inland insurance, GFCL aggregated its expenses by grade of product and calculated an average movement expense for each grade.

14. In a supplemental questionnaire, Commerce instructed GFCL to report these movement expenses on a transaction-specific basis or, alternatively, explain why it is not feasible to do so, and why GFCL's reported allocation based on product type was appropriate. In response, GFCL continued to claim that it was not capable of reporting its movement expenses on a transaction specific basis. In addition, GFCL remained silent as to why allocating movement expenses by product type was appropriate, stating simply that it was not possible to report movement expenses on an actual basis and that's why GFCL reported them on an allocated basis.

15. On November 9, 2021, Daikin demonstrated in its case brief that GFCL could have reported the movement expenses in question on a transaction-specific basis, as requested by Commerce, but failed to do so. Daikin's case brief further demonstrated that GFCL's allocation methodology led to per-unit movement expenses that were distortive and inaccurate. Based on these facts, Daikin argued that Commerce should apply partial adverse facts available ("AFA")

to revise the movement expenses in question. Daikin also argued in its case brief that, at a minimum, Commerce should recalculate the movement expenses in a manner that removes the distortions from GFCL's allocation methodology by using the period-wide weighted-average movement expenses for all product type.

16. In its final determination, Commerce found that GFCL's reporting of the U.S. movement expenses at issue on an allocated basis was reasonable and that there was no evidence that its allocation methodology causes inaccuracies or is distortive. *See* Issues and Decision Memorandum at Comment 1.

17. Commerce's decision with respect to GFCL's reporting of its U.S. movement expenses is unsupported by substantial evidence and otherwise not in accordance with law.

## COUNT TWO

18. Plaintiff hereby incorporates by reference paragraphs 1 through 17 of this Complaint.

19. Under Commerce's practice, the burden for establishing entitlement to a constructed export price ("CEP") offset is squarely on the respondent, and that burden requires the respondent to demonstrate with a quantitative analysis that there are different levels of trade ("LOT") between the home market and U.S. market and that these LOTs impact price comparability.

20. In the underlying investigation, consistent with its practice, Commerce instructed GFCL in its initial antidumping questionnaire to provide a quantitative analysis showing how the expenses assigned to its sales made at different claimed levels of trade impact price comparability. In its initial response, GFCL failed to provide the quantitative analysis requested by Commerce.

21.     Commerce provided GFCL a second opportunity in a supplemental questionnaire to provide a quantitative analysis showing that there are different LOTS in the U.S. market and home market. In its response to the supplemental questionnaire, however, GFCL once again failed to provide the required quantitative analysis.

22.     In its November 9, 2021 case brief, Daikin argued that Commerce should deny GFCL's request for a CEP offset because GFCL had failed to provide the required quantitative analysis to support its claim that the LOT for its home market sales is more advanced than the LOT for its U.S. sales.

23.     In its final determination, Commerce continued to grant GFCL a CEP offset. *See* Issues and Decision Memorandum at Comment 2. Commerce stated that the agency agreed that "the quantitative analysis provided by GFCL was inadequate in response to Commerce's initial questionnaire." *Id*. However, even though it had issued a supplemental questionnaire to GFCL on the issue of its quantitative analysis, Commerce found that "GFCL did not have an opportunity … to remedy any deficiency in its quantitative analysis by providing additional information in a supplemental questionnaire response." *Id*.

24.     Commerce's decision to grant GFCL a CEP offset in the final determination is unsupported by substantial evidence and otherwise not in accordance with law.

## **REQUEST FOR JUDGMENT AND RELIEF**

25. Wherefore, Daikin respectfully requests that this Court:

   a. hold and declare that the aspects of Commerce's *Final Determination* described herein are unsupported by substantial evidence on the record or otherwise not in accordance with law;

   b. remand this case to Commerce for disposition consistent with the decision of this Court; and

   c. provide such other relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Luke A. Meisner
Roger B. Schagrin
Luke A. Meisner

**SCHAGRIN ASSOCIATES**
900 7th Street, N.W.
Suite 500
Washington, DC 20001
(202) 223-1700

*Counsel to Daikin America, Inc.*

Dated: May 12, 2022

## CERTIFICATE OF SERVICE

Daikin America, Inc., v. United States
U.S. Court of International Trade
Court No. 22-00122

I, Luke A. Meisner, of the law firm Schagrin Associates, hereby certify that on or promptly after May 12, 2022, pursuant to CIT Rule 3(f), I notified all interested parties who were a party to the proceeding below, by mailing copies of the foregoing Complaint by certified mail, return receipt requested:

**DEFENDANT UNITED STATES**

Attorney-in-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza, Rm. 246
New York, N.Y. 10278

Daniel Francis Roland
U.S. Department of Justice
Commercial Litigation Branch-Civil Division.
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Chief Counsel
Office of the Chief Counsel
Trade Enforcement & Compliance
International Trade Administration
U.S. Department of Commerce
1401 Constitution Ave., NW
Washington, DC 20230

**INTERESTED PARTIES IN THE INVESTIGATION:**

James R. Cannon Jr., Esq.
Cassidy Levy Kent (USA) LLP
900 19th Street, NW
Suite 400
Washington, DC 20006

John M. Gurley, Esq.
Arent Fox LLP
1717 K Street, NW
Washington, DC 20006-5344

A.K. Gupta
Government of India
TPM, Solicitors & Consultants
J-209, SAKET,
NEW DELHI

Anuj Sahay
Embassy of India
Commerce Wing
2536 Massachusetts Avenue, NW
Washington, DC 20008

/s/ Luke A. Meisner
Roger B. Schagrin
Luke A. Meisner
Schagrin Associates
900 7th St. NW, Suite 500
Washington, DC 20001