# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| DAIKIN AMERICA, INC., )<br><br>*Plaintiff,* )<br>v. )<br><br>THE UNITED STATES, )<br><br>*Defendant,* )<br>and )<br><br>GUJARAT FLUOROCHEMICALS )<br>LIMITED, )<br><br>*Defendant-Intervenor.* ) | Court No. 22-00122 |

## <u>PROPOSED ORDER</u>

Upon consideration of the Final Results of Redetermination Pursuant to Court Remand ("Remand Redetermination") filed on July 12, 2024 by the U.S. Department of Commerce ("Commerce"), the parties' comments opposing the Remand Redetermination in part, and all other papers and proceedings herein, it is hereby

**ORDERED** that Commerce's decision in the Remand Redetermination to rely on movement expenses as reported by Gujarat

Fluorochemicals Limited is supported by substantial evidence and otherwise in accordance with law; and it is further

**ORDERED** that the portion of the Remand Redetermination relying on Gujarat Fluorochemicals Limited's reporting of movement expenses is hereby affirmed; and it is further

**ORDERED** that all other aspects of the Remand Redetermination be remanded pursuant to the Comments Filed in Opposition to Remand Redetermination filed by Defendant-Intervenor, Gujarat Fluorochemicals Limited, on September 9, 2024 and the corresponding Draft Order filed on September 17, 2024.

**SO ORDERED**.

_____
M. Miller Baker, Judge

Date: _____, 2024
    New York, New York

AFSDOCS:200938893.4

# UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |
|---|---|
| DAIKIN AMERICA, INC., | ) |
| *Plaintiff,* | ) |
| v. | ) |
| THE UNITED STATES, | ) Court No. 22-00122 |
| *Defendant,* | ) |
| GUJARAT FLUOROCHEMICALS LIMITED, | ) |
| *Defendant-Intervenor.* | ) |

## DEFENDANT-INTERVENOR GUJARAT FLUOROCHEMICALS LIMITED'S COMMENTS IN SUPPORT OF REMAND REDETERMINATION

Jessica R. DiPietro
Matthew M. Nolan
John M. Gurley

ArentFox Schiff LLP
1717 K Street, NW
Washington, DC  20006
Tel: (202) 857-6301

November 15, 2024

*Counsel for Gujarat Fluorochemicals Ltd.*

3

# TABLE OF CONTENTS                                        Page

I.    SUMMARY OF THE ARGUMENT ................................................. 2

II.   ARGUMENT ................................................................... 4

    A.   GFCL's Reporting of Certain Movement Expenses Was
        Reasonable and Did Not Introduce Any Inaccuracies or
        Distortions ................................................................. 4

        1.   Commerce's Feasibility Determination is in
            Accordance with Law ..................................................... 4

        2.   Substantial Evidence Supports GFCL's Reporting
            of its Movement Expenses ........................................... 6

III.  CONCLUSION ............................................................... 13

AFSDOCS:200938893.4

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Daikin Am., Inc. v. United States*,
 Ct. No. 22-00122, Slip op. 24-32 (Ct. Int'l Trade Mar. 14,
 2024) ................................................................................................ 2

*MacLean-Fogg Co. v. United States*,
 100 F. Supp. 3d 1349 (Ct. Int'l Trade 2015)...................................... 13

*SNR Roulements v. United States*,
 341 F. Supp. 2d 1334 (Ct. Int'l Trade 2004)...................................... 5

**Federal Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i) ................................................................. 13

**Regulations**

19 C.F.R. § 351.401(g)(1)................................................................... 4, 13

19 C.F.R. § 351.401(g)(3)....................................................................... 5

AFSDOCS:200938893.4

## GLOSSARY OF TERMS

| | |
|---|---|
| CEP | Constructed Export Price |
| CIT | U.S. Court of International Trade |
| DINLFTPU | Domestic Inland Freight |
| GFCL | Gujarat Fluorochemicals Limited |
| INLFPWU | U.S. Inland Freight from Port to Warehouse |
| INTNFRU | International Freight |
| POI | Period of Investigation |
| USG | U.S. Government |

AFSDOCS:200938893.4

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE THE HONORABLE M. MILLER BAKER, JUDGE**

| | |
|---|---|
| DAIKIN AMERICA, INC., | ) |
| | ) |
| *Plaintiff,* | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) Court No. 22-00122 |
| *Defendant,* | ) |
| | ) |
| GUJARAT FLUOROCHEMICALS LIMITED, | ) |
| | ) |
| *Defendant-Intervenor.* | ) |

**DEFENDANT-INTERVENOR GUJARAT FLUOROCHEMICALS LIMITED'S COMMENTS IN SUPPORT OF REMAND REDETERMINATION**

Pursuant to the U.S. Court of International Trade's ("CIT")

opinion and order dated March 14, 2024, ECF Nos. 41, 42, 47.

Defendant-Intervenor Gujarat Fluorochemicals Limited ("GFCL")

respectfully submits these comments in support of portions of the U.S.

Department of Commerce's ("Commerce") Final Results of

Redetermination Pursuant to Court Remand filed on July 12, 2024,

1

ECF Nos. 50, 51 ("Remand Redetermination"), Appx08953-08986. The

Remand Redetermination was issued pursuant to the March 14, 2024

remand order of the U.S. Court of International Trade. *Daikin Am., Inc.*

*v. United States*, Ct. No. 22-00122, Slip op. 24-32 (Ct. Int'l Trade Mar.

14, 2024) ("*Remand Order*"), ECF Nos. 41, 42, 47. These comments are

timely filed pursuant to the Court's August 5, 2024 Post-Remand

Scheduling Order, ECF No. 56, and the Court's October 7, 2024

Amended Scheduling Order, ECF No. 66.

## I.    SUMMARY OF THE ARGUMENT

On remand, the CIT instructed Commerce to reconsider two

issues:  (1) whether GFCL reasonably reported its domestic inland

freight, international freight, and domestic inland insurance expenses

on an allocation basis; and (2) whether GFCL was eligible for a

constructed export price ("CEP") offset.

Per the Court's Order, in these comments, GFCL addresses only

the first issue.  GFCL provided ample evidence to demonstrate that

reporting certain movement expenses, including domestic inland

freight, international freight, and domestic inland insurance, was not

2

feasible based on GFCL's business practices and normal books and records. Not only did GFCL provide such information, GFCL also presented Commerce a reasonable alternative by reporting on an allocation basis. *See* GFCL Section C Questionnaire Response at C-27–C-30 and Exh. C-14 (May 17, 2021) ("Sec. C QR"), Appx03539–03542, Appx03616-03620); GFCL First Supplemental Section C Questionnaire Response at 7–8 (July 9, 2021) ("1st Supp. C QR"), Appx05087–05088; GFCL Second Supplemental Sections A&C Questionnaire Response (PART II – Questions 1, 2, 4 and 7) at 2–3 (Aug. 9, 2021) (2nd Supp. A&C QR-Pt. II"), Appx06702–06703; GFCL Pre-Preliminary Comments at 15–16 (Aug. 12, 2021), Appx06771–06772. Relying on substantial record evidence, Commerce further explained its determination that GFCL could not feasibly report movement expenses on a transaction-by-transaction basis and that the allocated movement expenses were as specific as possible without introducing any distortions or inaccuracies. *See* Remand Redetermination at 10-12, Appx08962-08964. GFCL agrees with this aspect of Commerce's remand redetermination.

3

## II.    ARGUMENT

### A.    GFCL's Reporting of Certain Movement Expenses Was Reasonable and Did Not Introduce Any Inaccuracies or Distortions

GFCL agrees with Commerce's decision to "rely on GFCL's allocated movement expenses" and the "additional explanation to support Commerce's determinations that transaction-specific reporting was not feasible, that GFCL's allocation methodology is as specific as possible, and that the allocation causes neither distortion nor inaccuracies." Remand Redetermination at 2, Appx08954.  Commerce's decision is in accordance with law and based on substantial evidence.

#### 1.    Commerce's Feasibility Determination is in Accordance with Law

Commerce's regulations explicitly allow Commerce to consider and parties to report "allocated expenses and price adjustments" when "satisfied that the allocation method used does not cause inaccuracies or distortions." 19 C.F.R. § 351.401(g)(1).  To determine whether a company can *feasibly* report on a transaction-specific basis, Commerce "will take into account the records maintained by the party in question in the ordinary course of its business, as well as such factors as the

4

normal accounting practices in the country and industry in question and the number of sales made by the party during the period of investigation or review." 19 C.F.R. § 351.401(g)(3).

In response to Daikin's arguments, the Government appropriately frames the question as "one of *feasibility* based on existing records maintained by GFCL in the ordinary course of its business." Defendant's Confidential Response to Comments on the Remand Redetermination at 32 (Nov. 1, 2024), ECF 67 (citing 19 C.F.R. § 351.401(g)(3) and *SNR Roulements v. United States*, 341 F. Supp. 2d 1334, 1351 (Ct. Int'l Trade 2004)) ("USG Rem. Br."). The question is "not whether transaction-specific reporting is *possible*." USG Rem. Br. at 32.

As described thoroughly in Commerce's Remand Redetermination and the U.S. Government's opening brief, GFCL reported allocated movement expenses "based on its records maintained in the ordinary course of business" by relying on aggregated "actual grade-specific freight costs for its sales to GFL Americas during the POI {period of investigation} by product and then dividing the actual freight costs by

5

the weight of the grade-specific sales to GFL Americas during the POI by product." Remand Redetermination at 10, Appx08962. GFCL reported on a grade-specific basis because this was the only *feasible* way for GFCL to track its movement expenses. *See id.* (explaining that "sample shipping documents" show that "GFCL is able to track the quantity and costs of shipping subject merchandise to a single U.S. warehouse on a per-grade basis." *Id.* (citing GFCL's Section A Questionnaire Response at Exhibit A-13.4 (Apr. 26, 2021) ("Sec. A QR"), Appx02219-02540 and GFCL's Response to Questionnaire In-Lieu of On-Site Verification at Exhibit VSQ-1(c) (Sept. 22, 2021) ("ILOVQ"), Appx07201-07215.

## 2. Substantial Evidence Supports GFCL's Reporting of its Movement Expenses

Contrary to Daikin's argument, GFCL did not record "the information necessary to calculate transaction-specific movement expenses in the ordinary course of its business" and, thus, attempting to produce a "more accurate" reporting of its movement expenses would introduce inaccuracies, rather than reduce the possibility for inaccuracies. *See* Plaintiff's Comments Opposing Remand

6

Redetermination in Part at 22 (Sept. 9, 2024), ECF Nos. 61, 62 ("Daikin Rem. Br.").  Indeed, as described by the U.S. Government, GFCL has attempted to report movement expenses on a transaction-by-transaction basis in the past and learned that this reporting was not feasible.  *See* USG Rem. Br. at 33 ("GFCL went to great lengths to attempt to link movement expenses to specific sales but was unable to duplicate the methodology at verification due to the complicated nature of the calculation.").

GFCL's records maintained in the normal course of business do not contain the necessary information to trace movement expenses on a more specific basis than a grade-wise basis.  This is because, for GFCL's CEP sales, GFCL's U.S. affiliate, GFL Americas LLC sold subject merchandise out of its inventory stored in U.S. warehouses, where one sale could "involve multiple purchases from GFL India." 1st Supp. C QR at 7-8, Appx05087–05088. Sales of the goods shipped from GFCL's U.S. warehouses can be from various lots of different quantities, sizes, and product types. *See id.*; and GFCL 2nd Supp. A&C QR-Pt. II, at 2-3, Appx06702-06703.  The transaction-specific shipment information on

7

which the movement expenses at issue were based cannot be tracked or identified after the goods are stored in the U.S. warehouses and entered into GFL Americas LLC's inventory. *See* GFCL 2nd Supp. Section A&C QR-Pt. II, at 3, Appx06703) ("{t}he procurement of goods and the sales of goods are in different lots sizes, various time periods, and numerous product types. . . . {and} it is not possible to establish a one-to-one correlation between warehousing expenses and sales."). There is not record information on how batch numbers are associated with the merchandise in the sale and shipping documents because GFCL does not maintain such information in its normal books and records. *See* Daikin Rem. Br. at 16 (arguing that GFCL can "link{} the merchandise shipped from India with the merchandise sold in the U.S. by batch number."); *see also* Remand Redetermination at 8 and 25, Appx08960, Appx08977 (reiterating that GFCL could not "establish a one-to-one correlation between its U.S. affiliate's purchases from GFCL and sales to the U.S. customer."). Thus, there is also no evidence that the batch numbers are uniquely identifiable.

Daikin faults the Government for speculating when, in fact, it is

8

Daikin that is speculating to support its position.  *See, e.g.,* Daikin Rem.

Br. at 16-17.  GFCL has provided ample record evidence to show that it

cannot establish a one-on-one linkage between the sales documents and

the shipping documents, with batch numbers or otherwise.  Daikin

misrepresents this record evidence.  For instance, Daikin claims that it

was feasible for GFCL to report on a transaction-by-transaction basis

because it "maintained 'computerized documentation' of batches sold."

*Id.* at 18.  This is *not* what the record shows.  Instead, the warehouses

used by GFL Americas LLC maintained computerized documentation of

the *inventory* available in the warehouses.  Sec. C QR at Exh. C-30,

Appx03677.  This is consistent with GFCL's description above of the

information maintained and the information which is not maintained.

There is nothing relating to batches. As described above, once in

warehouse, inventory is comingled and GFCL does not track in its

books and records transaction-specific shipment information on which

the movement expenses at issue were based.

      As correctly determined, "{r}ecord evidence supports GFCL's

explanation that transaction-specific reporting was not feasible due to

9

its sales and inventory processes and accounting for the records maintained by GFCL in the ordinary course of its business." USG Rem. Br. at 26. The U.S. Government cites to GFCL's questionnaire responses, *see* USG Rem. Br. at 20-21, 26, which include:

- An explanation that "{v}alues reported in DINLFTPU, INTNFRU, and INLFPWU {have} been incurred by GFCL India, GFCL India, and GFL Americas LLC, respectively, for sales made to GFL Americas LLC during the POI. GFL Americas LLC stored inventory for these sales in a U.S. warehouse and then sold it to their customer based on the pending orders and availability of the stock at warehouse." 1st Supp. C QR  at 7, Appx05087.

- In most cases, "trading sales involve multiple purchases from GFL India, which are then stored in the U.S. Warehouse." *Id.* at 7-8, Appx05087-05088.

- An explanation that its "sales are made based on customer orders and GFL Americas LLC delivers to the customer from the inventory." *Id.* at 8, Appx05088.

10

- GFCL further explained that it is because of this sales process that "it is not feasible to establish a one-to-one correlation between purchases and sales." *Id.*

- A screenshot from GFCL's SAP system showing the "Inland Freight – Plant/Warehouse to Customer and International Freight" for a specific invoice. *See id.* at Exh. SC-35, Appx05519-05520.

In short, GFCL reported its movement expenses in the manner in which they were incurred and "demonstrate{d} why transaction-specific reporting is infeasible." *See* Daikin Rem. Br. at 17.

GFCL also agrees with the Government's response to Daikin's arguments that the Export Customer Complaint Register indicates GFCL's "batch numbers were associated with specific shipments." Daikin Rem. Br. at 14; *see also* USG Rem. Br. at 35-36. Clear from the record, the "Export Customer Complaint Register" is a literal embodiment of its name: an excel document compilation of customer complaints and whether/how GFCL dealt with those complaints. *See* GFCL Supplemental Section A Questionnaire at Exh. SA-3(a) (May 24,

11

2021) ("Supp. A QR"), Appx03912 - 03915. There is nothing about this document which shows that GFCL routinely tracks merchandise batch numbers in the ordinary course of business, or that it is feasible for GFCL to track movement expenses on a transaction-by-transaction basis. As described above, GFCL does not track the batch numbers in the ordinary course. This register does not contain a full list of transactions and not maintained as part of the "ordinary course." It is, instead, extraordinary and outside of GFCL's normal course of business, if a customer is making a complaint. As explained in Commerce's Remand Redetermination, "{n}otably, there is no indication that" the information in the Export Customer Complaint Register is compiled from information originating from GFCL, but from the customer. *See* Remand Redetermination at 6, 22, Appx08958, Appx08974.

Last, GFCL also agrees that "{s}ubstantial record evidence supports Commerce's determination to accept GFCL's allocation methodology and rely on GFCL's allocated movement expenses." USG Rem. Br. at 38. The relied-upon methodology does not introduce distortions. In short, the Remand Redetermination is reasonable and

12

consistent with Commerce's legal ability to rely on allocated expenses. *See* 19 C.F.R. § 351.401(g)(1).

## III.   CONCLUSION

Commerce's Remand Redetermination adequately and appropriately responds to the CIT's Opinion and Order. *See MacLean-Fogg Co. v. United States,* 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)) (holding that the Court will affirm Commerce's remand redeterminations if they are "in accordance with the remand order" and "supported by substantial evidence, and are otherwise in accordance with law.").  Thus, for the reasons described, we respectfully request that the Court affirm Commerce's Remand Redetermination with respect to GFCL's reporting of its movement expenses.

Respectfully submitted,

**/s/ Jessica R. DiPietro**
Jessica R. DiPietro
Matthew M. Nolan
John M. Gurley

ArentFox Schiff LLP
1717 K Street, NW
Washington, DC  20006

13

Tel: (202) 350-3622

November 15, 2024

*Counsel for Gujarat Fluorochemicals Limited*

14

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to the Court's Standard Chamber Procedure 2(b)(1), the undersigned certifies that Defendant-Intervenor's Comments on Remand Redetermination filed on November 15, 2024, complies with the word limitation requirement. The word count for Defendant-Intervenor's Comments, as computed by ArentFox Schiff LLP's word processing system is 2,045.


 <u>/s/ **Jessica R. DiPietro**</u>
Jessica R. DiPietro

1